**John ECHLIN, Plaintiff–Appellant,**

v.

**J. BOLAND, et al., Defendants–Appellees.**

No. 03–2309.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2004.

John Echlin, Kingsley, MI, pro se.

Before GUY and SUTTON, Circuit

Judges; and CARR, District Judge.*

### ORDER

John Echlin, a Michigan prisoner proceeding pro se, appeals the district court order granting summary judgment to the defendants in this civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Echlin sued Michigan Department of Corrections psychologists James Boland and Howard Hillman and parole board member William Slaughter. Echlin, imprisoned for sexually assaulting a minor under the age of thirteen, alleged that: (1) Boland retaliated against him in violation of the First Amendment by submitting falsified documents to the parole board; (2) Hillman failed to stop the deprivation of his rights; (3) Slaughter deprived him of a liberty interest by knowingly relying on false information to deny him parole; and (4) the defendants conspired to deprive him of his liberty interest in parole. Echlin sued the defendants in their individual capacities. The defendants moved to dismiss or for summary judgment, and Echlin filed a response. The district court granted the defendants' motion and dismissed the case. The court held that the defendants were entitled to qualified immunity because the denial of parole did not amount to a constitutional violation, and that Echlin's retaliation claim failed because Boland did not cause the parole board to deny Echlin parole.

On appeal, Echlin argues that: (1) Boland's opinions were important to the parole board; and (2) the parole board's stated reasons for denying him parole were based on false or misleading information.

We review an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we affirm the district court's decision for the reasons stated by the district court. Echlin pleaded guilty to two counts of criminal sexual conduct in 1998 and was sentenced to concurrent terms of two to fifteen years of imprisonment. He entered a sex offender therapy program in prison. In March 2000, the parole board denied Echlin parole and he appealed to the state circuit court. The court held that the parole board had abused its discretion and vacated the board's decision. The court noted that Echlin was unable to complete his therapy because of his instructor's absences. According to Echlin, this upset Boland, and Boland began altering reports to make it appear that Echlin was doing poorly in the sex offender treatment program. Echlin filed grievances against Boland. Hillman, Boland's supervisor, responded. Boland modified his reports but continued to indicate that Echlin had not reached all of his therapy goals. The parole board denied Echlin parole again in June 2001 and June 2002. The board stated that Echlin was

---

\* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

still a risk and had not accepted responsibility for his crimes.

We agree with the district court that the defendants were entitled to qualified immunity because the facts as alleged by Echlin did not amount to a constitutional violation. *See Williams v. Mehra,* 186 F.3d 685, 691 (6th Cir.1999). The presence of a parole system does not give rise to a constitutionally protected liberty interest in parole. *See Bd. of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). In particular, this court has held that Michigan's parole scheme does not create a protected liberty interest in parole because the Michigan Parole Board has broad discretion to recommend or deny parole. *See Sweeton v. Brown,* 27 F.3d 1162, 1164–65 (6th Cir.1994). Because there was no constitutional violation, Echlin could not sue the defendants for money damages for their parts in denying him parole. For the same reason, Echlin could not bring a § 1983 action to challenge the information considered by the parole board. *See Greenholtz,* 442 U.S. at 7, 99 S.Ct. 2100; *Orellana v. Kyle,* 65 F.3d 29, 31–32 (5th Cir.1995). Accordingly, he had no claim for either monetary or injunctive relief.

We also agree with the district court that Boland was entitled to summary judgment on Echlin's retaliation claim. *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). The motivations of non-decisionmakers cannot establish a causal connection in a retaliation case. *Smith v. Campbell,* 250 F.3d 1032, 1038 (6th Cir.2001); *Shehee v. Luttrell,* 199 F.3d 295, 301 (6th Cir.1999). In Michigan, the decision to grant or deny parole is left to the discretion of the parole board. *See* Mich. Comp. Laws Ann. § 791.235; *Swee-*

ton, 27 F.3d at 1164–65; *Hopkins v. Mich. Parole Bd.,* 237 Mich.App. 629, 604 N.W.2d 686, 689 (1999). Boland, a prison psychologist, was not in the position to grant or deny parole to Echlin. Accordingly, Echlin could not establish a causal connection between Boland's alleged malice and the parole board's decision to deny him parole.

For the foregoing reasons, we affirm the district court's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.